UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JON EARL QUICK,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

---

Civil File No. 01-2304 (JRT/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Petitioner's application for a writ of habeas corpus be SUMMARILY DISMISSED WITHOUT PREJUDICE pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

On October 16, 2001, (barely two months ago), a Minnesota state court jury found Petitioner guilty of first degree murder. He was sentenced to life in prison, and he is currently serving his sentence at the Minnesota Correctional Facility in St. Cloud, Minnesota. (Petition, [Docket No. 1], p. (2), §§ 1-6.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED ... 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Following his conviction, Petitioner filed a direct appeal with the Minnesota Supreme Court.[2] That appeal is still pending. (Id., p. (3), § 9, p. (6), § 13 ["state appeal still in early process"].)

Even though he has not yet completed the state appellate review process, Petitioner is already seeking federal habeas review of his conviction. In his present petition for habeas corpus relief, Petitioner alleges that (1) the state was allowed to introduce certain evidence at trial that should have been excluded, (2) the trial court erroneously prevented the defense from introducing testimony from three potentially helpful witnesses; (3) his defense attorney committed various errors that caused him to receive ineffective assistance of counsel; and (4) the prosecution failed to disclose certain exculpatory evidence. None of Petitioner's habeas claims can be entertained at this time, however, because he has not exhausted all available state court remedies for resolving such claims. It will therefore be recommended that the instant petition be summarily dismissed, without prejudice, for non-exhaustion of state court remedies.

## II. DISCUSSION

It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies for all of his claims. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its

---

[2] Under Minnesota law, appeals in first degree murder cases are taken directly to the State Supreme Court, rather than the Minnesota Court of Appeals. Minn.Stat. § 632.14.

purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 842; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

As explained by the U.S. Supreme Court in Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam):

> "It has been settled for nearly a century [now well over a century] that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts.... [Citations omitted.] The exhaustion requirement, now codified in the federal habeas statute, 28 U.S.C. §§ 2254(b) and (c), [footnote omitted] serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."

To exhaust his state court remedies, a prisoner must fairly present each one of his constitutional claims to the highest available state court before seeking relief in federal court. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"); O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

In this case, Petitioner's habeas corpus petition clearly shows that he has not given the Minnesota Supreme Court a fair opportunity to consider his federal constitutional

challenges to his conviction. Because there is still a state court remedy available to Petitioner -- namely the completion of his direct appeal -- he obviously has not satisfied the exhaustion requirement.

Petitioner apparently recognizes that there is an exhaustion of state remedies requirement, and that he has not met that requirement. He asserts that:

> "The main reason I am sending this [petition] prior to exhausting state appeals, is because I believe I have justifiable reason for filing lawsuit against the State Attorney General of the State of Minnesota, as I briefly indicated in my attachments and I am unable to pursue this through the state public defender's office due to an obvious conflict of interest."

(Petition, p. 7, [back side of page].)

If this statement is intended to excuse Petitioner from the exhaustion requirement, it will not suffice. If the Minnesota Attorney General did something wrong in this case, Petitioner will have to bring that to the attention of the Minnesota Supreme Court, and give that Court the first opportunity to address the matter. If Petitioner feels that he has not received proper legal representation, (as suggested by his reference to an "obvious conflict of interest"), he must also bring that to the attention of the Minnesota Supreme Court, before attempting to raise the issue in federal court.[3]

The relationship between the state and federal judicial systems in this country is based largely on the understanding that "State courts are 'equally bound to guard and protect rights secured by the Constitution.'" Duckworth, 454 U.S. at 3-4, quoting Ex parte Royall, 117 U.S. 241, 251 (1886). See also Wade v. Mayo, 334 U.S. 672, 679 (1948)

---

[3] It should be noted that any "conflict of interest" that may exist in this case is far from "obvious" to this Court. If Petitioner ever seeks to raise this so-called "conflict of interest" claim in any future federal habeas proceeding, he should not simply assume that his claim is "obvious" and requires no explication.

("State courts are duty bound to give full effect to federal constitutional rights and it cannot be assumed that they will be derelict in their duty"). Petitioner has not shown that the federal district court is better suited than the Minnesota state courts to entertain and decide his present challenge to his state court conviction. The state courts are fully capable of correctly resolving Petitioner's constitutional claims, and must be given the first opportunity to do so. Therefore, the Court rejects Petitioner's suggestion that he should be excused from the exhaustion of state court remedies requirement.

For the reasons discussed above, it will be recommended that Petitioner's current habeas corpus petition be summarily dismissed for non-exhaustion, pursuant to Rule 4 of the Governing Rules. It will be further recommended, however, that this action be dismissed without prejudice, so that Petitioner can bring his federal constitutional claims back to federal court, if necessary, after he has fully exhausted all available state court remedies for each individual claim that he wants to have considered by the federal court. See Williams v. Groose, 77 F.3d 259, 262 (8th Cir. 1996).

Finally, the Court notes that Petitioner did not pay the $5 filing fee for his petition, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because the instant petition cannot be entertained in federal court, Petitioner's IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Application To Proceed Without Prepayment Of Fees, (Docket No. 2), be DENIED; and

2. Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254, (Docket No. 1), be SUMMARILY DISMISSED WITHOUT PREJUDICE.

DATED: December 21, 2001

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.